The’opinion of the Court was delivered by
Johnston, Ch.
The Chancellor' has decided that there was no fraudulent concealment or misrepresentation on the part of the plaintiffs, and this Court has no reason to dissent from his conclusion.
It is objected that the Court was ousted of its jurisdiction to decrée a performance of the contract, by the parties having stipulated damages for its non-performance.
*231 The Court is of opinion that this point is not unfrequently misapprehended. Whether the sum fixed in case of nonperformance is a penalty or stipulated damages, depends on the nature of the contract, (considered in the light of all its circumstances,) and the attitude of the parties under it. If, upon being viewed in this way, a conviction results that the sum was fixed as a penalty to compel performance, the Court should execute the agreement. If, on the other hand, it is persuaded that it was stipulated as a substitute for performance, the duty of the Court is to regard it as a case in which the parties have agreed upon damages to be recovered in place of the performance: and unless there is something special in the case to call for a different conclusion, it should leave the parties to the legal remedy thus provided by themselves.
This abstinence is proper for the most part in cases, however, where there has been no part performance on either, side; when nothing has been done to change the original posture of affairs, and where the damages fixed may be fairly^ assumed as the fair value of the disappointment experienced.
How should we regard the damages expressed in this contract, in the face of the fact that Kopmann has been let into possession of Moorer’s property, and still retains his own ? Is he to be allowed to hold all the advantages of this fraud ?
Would it be less than a wilful dereliction of duty, on the part of the Court, to hold its hand, unless it were satisfied that $ 1,000, the sum stipulated in this case, was the full value of the property acquired by Kopmann from Moorer, irrespective of what he, Kopmann, was to give in exchange for it ? This was manifestly not so.
It is ordered that the decree be affirmed, and the appeal dismissed.
O’Neall, C. J., and Ward law, J., concurred.

Appeal dimissed.